NOT FOR PUBLICATION (Docket Entry No. 5)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | | |
|---|---|---|
| JEFFREY DOMBROWSKI, | : | |
| Plaintiff, | : | Civil No. 05-720 (RBK) |
| v. | : | **OPINION** |
| LB&B ASSOCIATES, INC., et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Plaintiff Jeffrey Dombrowski was fired by his former employer, defendant LB&B Associates, Inc., for violating LB&B's sexual harassment policy. Alleging that he was in fact terminated because he brought excess billing issues to the attention of his supervisor, Dombrowski sued LB&B for retaliation, wrongful discharge, and violation of New Jersey's Conscientious Employee Protection Act ("CEPA").

This matter comes before the Court upon LB&B's motion to dismiss Dombrowski's retaliation and wrongful discharge claims pursuant to Rule 12(b)(6). LB&B argues that its motion to dismiss should be granted because Dombrowski waived his retaliation and wrongful discharge claims by including a claim

under CEPA in his complaint.

New Jersey law provides that "the institution of an action in accordance with [CEPA] shall be deemed a waiver of the rights and remedies available under any contract, collective bargaining agreement, State law, rule or regulation or under the common law." N.J.S.A. § 34:19-8. This waiver provision applies to any cause of action "that require[s] a finding of retaliatory conduct that is actionable under CEPA." See Young v. Schering Corp., 141 N.J. 16, 29 (1995).

Dombrowski does not contest LB&B's argument that his retaliation and wrongful discharge claims would be waived upon "institution of an action" under CEPA. However, Dombrowski argues that his CEPA action has not yet been "instituted" under the meaning of section 34:19-8. According to Dombrowski, he "should be able to complete discovery and decide before the pretrial conference which cause of action he wishes to pursue."

The Supreme Court of New Jersey has not yet ruled on when "institution of an action" under CEPA takes place:

> Although the waiver provision does not use language of estoppel, 'institution of an action' may be susceptible of meaning something other than the filing of a complaint . . . . The meaning of 'institution of an action' could conceivably contemplate an election of remedies with restrictions in which the election is not considered to have been made after discovery is complete or the time of a pretrial conference . . . .

2

Young, 141 N.J. at 32.  Citing Young, the Appellate Division held in 2003 that "institution" of a CEPA action does not take place until discovery is complete.  See Maw v. Advanced Clinical Communications, Inc., 359 N.J. Super. 420, 441 (App. Div. 2003), rev'd on other grounds, 179 N.J. 439 (2004).  The Maw court interpreted the above-quoted language from Young "to mean that before electing remedies, a plaintiff should have an opportunity to complete discovery.  Only after gaining access to all the facts, will a plaintiff be in a position to make a knowing and meaningful election."  See Maw, 359 N.J. Super. at 441.

Although the Appellate Division's holding is not binding on this Court, it serves as persuasive authority.  See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 303 n.1 (3d Cir. 2003).  Moreover, the Federal Rules of Civil Procedure are consistent with a holding that "institution of an action" under CEPA does not take place upon the filing of a complaint, as the Rules permit a pleading to contain "two or more statements of a claim or defense alternatively or hypothetically," and permit a party to "state as many claims or defenses as the party has regardless of consistency."  Fed. R. Civ. P. 8(e)(2).

Given the Appellate Division's holding in Maw, and given the permissibility of alternative pleading under the FRCP, this Court holds that an action under CEPA is not "instituted"

upon the filing of a complaint containing a CEPA claim. Therefore, LB&B's motion to dismiss will be denied without prejudice to LB&B's right to renew the motion after discovery has been completed.  The accompanying Order shall issue today.


Dated:     July 8, 2005              /s/ Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge